|  | UNITED STATES DISTRICT COURT |  |
|---|---|---|
|  | DISTRICT OF NEVADA |  |
| UNITED STATES OF AMERICA, | | Case No.: 2:20-cr-00258-APG-BNW |
| Plaintiff | | **Order Denying Motion for Early Termination of Supervised Release** |
| v. | | |
| ADRIAN J. FLEEKS, | | [ECF No. 5] |
| Defendant | | |

Defendant Adrian Fleeks moves to terminate his supervised release early. ECF No. 5. The United States Attorney and the United States Probation Office oppose.

Modification of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Mr. Griffin pleaded guilty to Conspiracy to Commit an Offense against the United States and Misprision of a Felony in the District of Colorado. He was sentenced to 96 months in custody and three years of supervised release. During his incarceration, he took advantage of educational and job training and opportunities to develop skills to help him reintegrate into society. He has completed approximately 28 months of his supervised release time and appears to have successfully rehabilitated. He is not a danger to the community. However, he has not fulfilled his restitution obligations as required under 18 U.S.C. § 3553(a)(7).

After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Guide to Judiciary Policy, Volume 8E, Chapter 3, endorses criteria for assessing whether an offender who satisfies the minimal statutory factors

should be recommended for early termination. At 18 months, there is a presumption in favor of early termination if the person (1) does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 944(h)) or has not committed a sex offense or engaged in terrorism; (2) presents no identified risk of harm to the public or victims; (3) is free from any court-reported violations over a 12-month period; (4) demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) is in substantial compliance with all conditions of supervision; and (6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

By all accounts, Mr. Fleeks has properly performed while on supervised release, complying with almost all requirements and maintaining employment. He has not incurred any arrests or negative contact with law enforcement, has a stable residence, and is gainfully employed. I applaud and encourage his continued efforts. However, Mr. Fleeks has ceased making court-ordered restitution payments despite having sufficient funds to do so. And he apparently has taken out "payday loans" without the approval of his probation officer.

Mr. Fleeks requests early termination because the restrictions against travel allegedly make him "unable to move about freely for work when it's available." ECF No. 5 at 2. This differs from cases where defendants were granted early termination of supervision because their jobs would be in jeopardy if they could not travel abroad. Mr. Fleeks is not facing the possible loss of a job if supervision is not terminated. Rather, he seeks to pursue better-paying job opportunities. I am glad he is seeking to improve his economic condition. But his goals—and those of supervision—can be accomplished in the short term by modifying the conditions of his release. Mr. Fleeks and the Probation Office can discuss revising his conditions to allow him to travel out of the district for employment purposes. If an agreement is reached, they can submit a

stipulation to modify the conditions. Or, if Mr. Fleeks makes significant payments towards his restitution amount and maintains his current record of success, he may reapply for early termination of supervision.

Therefore, the defendant's motion for early termination of supervision **(ECF No. 5) is** **DENIED without prejudice to reapply in the future.**

DATED this 7th day of December, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE